

DISTRICT COURT, COUNTY OF JEFFERSON, COLORADO

Civil Action No. **98CV1392**, Division **8**

---

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

---

ENOCKINA OCANSEY, EZEKIEL OCANSEY, through his father and next friend, KABU OCANSEY, and AISHA PRICE, through her parents and next friends, ARCHIE PRICE and BARBARA PRICE,

    Plaintiffs,

vs.

JEFFERSON COUNTY SCHOOL DISTRICT R-1, and
KEN ROBKE, in his official capacity as principal of ARVADA HIGH SCHOOL,

    Defendants.

---

Plaintiffs Enockina Ocansey; Ezekiel Ocansey, through his father and next friend, Kabu Ocansey; and Aisha Price, through her parents and next friends, Archie Price and Barbara Price; through their undersigned counsel, state as follows:

### INTRODUCTION

The Plaintiffs bring this action seeking emergency declaratory and injunctive relief from an official restriction applied to and imposed upon them by the Defendants which would have the effect of preventing them from engaging in constitutionally protected silent symbolic expression in the context of the graduation ceremonies for the senior class at Arvada High School. Each of the graduating Plaintiffs has requested, and has been denied, the right to wear a Kente Cloth with the traditional cap and gown at their graduation ceremony. The Defendants' policy and prohibition, as applied to the circumstances presented by the Plaintiffs herein, constitutes an unconstitutional abridgement of the Plaintiffs' rights to engage in free speech and

EXHIBIT 2

association as guaranteed by the First and Fourteenth Amendments to the Constitution of the United States, Article II, Section 10, of the Constitution of the State of Colorado, and C.R.S. § 22-1-120.

## JURISDICTION AND VENUE

1. Plaintiffs' First Claim arises under the First and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983. Plaintiffs' Second Claim arises under Article II, Section 10, of the Constitution of the State of Colorado. Plaintiffs' Third Claim arises under C.R.S. § 22-1-120.

2. Venue is proper in this District pursuant to Colo.R.Civ.P. 98(c) as the Defendants reside in this District and all of the events giving rise to the claims set forth in this Complaint for Declaratory and Injunctive Relief occurred in this District.

## PARTIES

3. Plaintiffs **Enockina Ocansey** ("Ocansey") and **Aisha Price** ("Price") are students and members of the 1998 senior class at Arvada High School, Jefferson County, Colorado. Both Ocansey and Price have completed all requirements for graduation from Arvada High School and are scheduled to receive their diplomas and participate in the school's commencement exercises and ceremony on May 26, 1998.

4. Plaintiff **Ezekiel Ocansey** is a student and member of the freshman class at Arvada High School, Jefferson County, Colorado. Ezekiel Ocansey anticipates completing all requirements for graduation from Arvada High School and receiving a diploma and participating in the school's commencement exercises and ceremony in 2001.

5. Plaintiff **Kabu Ocansey** is the father of Plaintiff Ezekiel Ocansey, and Plaintiffs **Archie Price** and **Barbara Price** are the father and mother of Plaintiff Aisha Price, and appear herein as the parents and next friends of their respective minor children.

6. Defendant **Jefferson County School District R-1** (the "District") is a duly and regularly organized public school district within the State of Colorado pursuant to C.R.S. § 22-32-101, and, as such, is a body corporate and political subdivision of the State of Colorado with authority to sue and be sued. The District is governed by the Board of Education of Jefferson County School District R-1 pursuant to C.R.S. § 22-32-103.

2

7. Defendant **Ken Robke** ("**Robke**") is the principal of Arvada High School and is sued in such official capacity.

8. Each of the Defendants are "persons" within the purview of 42 U.S.C. § 1983.

## GENERAL ALLEGATIONS

9. Paragraphs 1 through 8, above, are incorporated herein by reference as if set forth in full.

10. In anticipation of the graduation ceremony to be conducted on May 26, 1998, Arvada High School, acting by and through its principal (Robke) and with the knowledge, consent, and pursuant to the authority of the District and its Board of Education, presented to each member of the school's graduating class a form "Graduation Agreement" and requested that such agreement be signed by each student and his or her parent. A true and correct copy of the form "Graduation Agreement" is attached hereto as **Exhibit A**.

11. Pursuant to paragraph 3 of the "Graduation Agreement", each student is requested to agree that:

> I will be responsible for my attire and will wear the authorized cap, gown, and tassel. I will not make changes or decorate my cap and gown in any way.

By violating or refusing to sign the "Graduation Agreement", a student explicitly "forfeit[s]" his or her "right to participate in graduation." The "Graduation Agreement" further provides that any "misconduct" may result in exclusion from the "graduation and the area," withholding of the diploma, and possible further disciplinary action.

12. Ocansey and Price, with the support and consent of their respective parents, wish to wear a tasteful African ceremonial cloth known as a "Kente Cloth" draped over their shoulders in addition and complementary to the traditional cap, gown, and tassel during the graduation ceremony. Ezekiel Ocansey, also with the support and consent of his parents, wishes to wear a Kente cloth in the same fashion during his graduation ceremony in 2001.

13. A Kente Cloth is a strip of cloth, measuring approximately four inches in width by three feet in length, which is worn on special occasions in the African tradition as an expression of cultural pride, dignity, and honor. The Kente Cloth is worn as a visual

representation and symbol of, and as a statement of respect for, the culture from which those wearing it trace their ancestral and social roots. The Kente Cloth has, further, become a popular and respected symbol and representation of the pride which African Americans hold in their cultural roots and their commitment to an American society which embraces cultural diversity.

14.    Ocansey and Price, with the assistance of their parents, ordered special Kente Cloths for their Arvada High School graduation ceremony. Each cloth tastefully references the occasion of the 1998 graduation ceremony.

15.    Ocansey and Price approached Defendant Robke and requested permission to wear their Kente Cloths at the school's graduation ceremony. Ocansey and Price were thereupon advised that wearing Kente Cloths would not be consistent with the requirements of the "Graduation Agreement." Ocansey and Price requested an exemption from the applicable provisions of the "Graduation Agreement."

16.    Upon information and belief, Defendant Robke submitted the students' exemption requests to the District staff for further review and consideration. This submission resulted in a letter from Defendant Robke to the parents of Ocansey and Price, dated May 11, 1998, denying their daughters' requests and reaffirming the decision that students would not be permitted to participate in the graduation ceremonies if they wore Kente Cloths. A true and correct copy of the letter to Price's parents is attached hereto as **Exhibit B**.

17.    As set forth in the letters described in paragraph 17, above, the action of the District is premised upon and motivated by (1) a wish to "preserve the unity of the graduation ceremony" and (2) a wish to avoid the prospect that "other individuals might choose to wear adornments intended to convey a viewpoint that others might find offensive."

18.    Ocansey and Price have been advised by and on behalf of the Defendants that they must sign the "Graduation Agreement" by May 22, 1998, or they will not be permitted to participate in the graduation ceremony. Ocansey and Price have further been advised that the terms of the "Graduation Agreement" will be applied to them, as set forth in the letters described in paragraphs 17 and 18, above, in such manner as to prohibit them from wearing their Kente Cloths at the May 26 graduation ceremony. The same policy will apply to Ezekiel Ocansey in the context of his graduation ceremony.

19.    An actual and immediate controversy exists between the Plaintiffs and Defendants, with regard to which Plaintiffs are entitled to a declaration of their rights pursuant to

Colo.R.Civ.P. 57. Without such a declaration, the Plaintiffs will be uncertain of their rights and chilled in the exercise of constitutionally protected activities.

20. Plaintiffs are entitled to injunctive relief pursuant to 42 U.S.C. § 1983 and Colo.R.Civ.P. 65. Defendants, acting under color of state law, are prohibiting the Plaintiffs from engaging in constitutionally and statutorily protected activity as a result of which the Plaintiffs are suffering and will continue to suffer irreparable injury. Plaintiffs have no plain, speedy, or adequate remedy at law.

## FIRST CLAIM
### (First Amendment to the Constitution of the United States; 42 U.S.C. § 1983)

21. Paragraphs 1 through 20, above, are incorporated herein by reference as if set forth in full.

22. The actions of the Defendants, all as specifically set forth above, constitute a direct, official, and improper deprivation and violation of the rights of the Plaintiffs to engage in silent symbolic expression as guaranteed and protected by the First Amendment to the Constitution of the United States and made applicable to the Defendants through the Fourteenth Amendment to the Constitution of the United States.

23. The actions of the Defendants, all as specifically set forth above, further, constitute the direct imposition of an unconstitutional burden and condition upon the exercise of the Plaintiffs' rights of free expression and association as guaranteed by the First Amendment to the Constitution of the United States and made applicable to the Defendants through the Fourteenth Amendment to the Constitution of the United States.

24. The Plaintiffs are entitled to an Order and Judgment by this Court declaring the specified provisions of the "Graduation Agreement", as applied to them, as well as the Defendants' explicit prohibition of their right to wear their Kente Cloths at the 1998 Arvada High School graduation ceremony, to be unconstitutional as violative of the First and Fourteenth Amendments to the Constitution of the United States, and to entry of a preliminary and permanent injunction against application or enforcement thereof.

## SECOND CLAIM
### (Article II, Section 10, of the Constitution of the State of Colorado)

25. Paragraphs 1 through 20, above, are incorporated herein by reference as if set forth in full.

26. The actions of the Defendants, all as specifically set forth above, constitute a direct, official, and improper deprivation and violation of the rights of the Plaintiffs to engage in silent symbolic expression as guaranteed and protected by Article II, Section 10, of the Constitution of the State of Colorado.

27. The actions of the Defendants, all as specifically set forth above, further, constitute the direct imposition of an unconstitutional burden and condition upon the exercise of the Plaintiffs' rights of free expression and association as guaranteed by Article II, Section 10, of the Constitution of the State of Colorado.

28. The Plaintiffs are entitled to an Order and Judgment by this Court declaring the specified provisions of the "Graduation Agreement", as applied to them, as well as the Defendants' explicit prohibition of their right to wear their Kente Cloths at the 1998 Arvada High School graduation ceremony, to be unconstitutional as violative of Article II, Section 10, of the Constitution of the State of Colorado, and to entry of a preliminary and permanent injunction against application or enforcement thereof.

## THIRD CLAIM
### (C.R.S. § 22-1-120)

29. Paragraphs 1 through 28, above, are incorporated herein by reference as if set forth in full.

30. In 1990, the Colorado General Assembly passed, and the Governor of the State of Colorado signed into law, C.R.S. § 22-1-120. This statute — titled "Rights of free expression for public school students" — provides in pertinent part as follows:

> (1) The general assembly declares that students of the public schools shall have the right to exercise freedom of speech and of the press . . . ."

. . .

6

(7) No expression made by students in the exercise of freedom of speech or freedom of the press shall be deemed to be an expression of school policy, . . . ."

31. The purpose, intent, and effect of C.R.S. § 22-1-120 is to fully preserve, extend, and supplement the rights of public school students in the State of Colorado to exercise their rights of free expression.

32. The actions of the Defendants, all as specifically set forth above, constitute a direct, official, and improper deprivation and violation of the rights of the Plaintiffs, as students attending a public school in the State of Colorado, to engage in silent symbolic expression as protected by C.R.S. § 22-1-120.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that this Court enter its Order and Judgment as follows:

a) Upon their First Claim, declaring the specified provisions of the Arvada High School "Graduation Agreement", as applied to them, as well as the Defendants' explicit prohibition of their right to wear their Kente Cloths at the 1998 Arvada High School graduation ceremony, to be unconstitutional as violative of the First and Fourteenth Amendments to the Constitution of the United States, and to entry of a preliminary and permanent injunction against application or enforcement thereof; and

b) Upon their Second Claim, declaring the specified provisions of the Arvada High School "Graduation Agreement", as applied to them, as well as the Defendants' explicit prohibition of their right to wear their Kente Cloths at the 1998 Arvada High School graduation ceremony, to be unconstitutional as violative of Article II, Section 10, of the Constitution of the State of Colorado, and to entry of a preliminary and permanent injunction against application or enforcement thereof;

c) Upon their Third Claim, declaring the specified provisions of the Arvada High School "Graduation Agreement", as applied to them, as well as the Defendants' explicit prohibition of their right to wear their Kente Cloths at the 1998 Arvada High School graduation ceremony, to be a violation of their statutory rights as students attending public school as

protected and preserved by C.R.S. § 22-1-120, and to entry of a preliminary and permanent injunction against application or enforcement thereof;

    d)     Declaring the Plaintiffs to be entitled to an award of their reasonable attorneys' fees and costs incurred in connection with this action from the Defendants pursuant to 42 U.S.C. § 1988; and

    d)     Granting them such further and different relief as to this Court may seem just and proper.

DATED this ___ day of May, 1998.

ISAACSON, ROSENBAUM, WOODS & LEVY, P.C.

By _____
Edward T. Ramey # 6748
633 17th Street, Suite 2200
Denver, Colorado 80202
Telephone: (303) 292-5656

In cooperation with the American Civil Liberties Union Foundation of Colorado

Mark Silverstein # 26979
American Civil Liberties Union of Colorado
400 Corona Street
Denver, Colorado 80218
Telephone (303) 777-5482

Attorneys for Plaintiffs