THIS CERTIFIED COPY IS
A PERMANENT RECORD OF
THE U.S. DISTRICT COURT
FOR THE DISTRICT OF COLO....

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

1    IN THE UNITED STATES DISTRICT COURT
     FOR THE DISTRICT OF COLORADO          MAY 2 0 1998

2                                          JAMES R. MANSPEAKER
                                                      CLERK
3    ENOCKINA OCANSEY, et al.,        )      BY_____
                                      )                DEP. CLERK
4                   Plaintiffs,       )
                                      )
5          vs.                        )      98 M 1099
                                      )
6    JEFFERSON COUNTY SCHOOL DISTRICT R-1, )
     et al.,                          )
7                                     )
                    Defendants.       )
8
     _____
9
                 TEMPORARY RESTRAINING ORDER
10             PARTIAL TRANSCRIPT OF PROCEEDINGS
     _____
11
12          Proceedings held before the HONORABLE RICHARD P.

13   MATSCH, U. S. District Judge for the District of Colorado,

14   beginning at 9:00 a.m. on the 19th day of May, 1998, in

15   Courtroom C-204, United States Courthouse, Denver, Colorado.

16                        APPEARANCES

17   For the Plaintiff:          Edward T. Ramey, Esq.
                                 Isaacson, Rosenbaum, Woods &
18                               Levy, P.C.
                                 633 - 17th Street, #2200
19                               Denver, Colorado  80202

20                               Mark Silverstein, Esq.
                                 American Civil Liberties
21                               Union of Colorado
                                 400 Corona Street
22                               Denver, Colorado

23        Proceedings recorded by electronic sound recording;
24          transcript produced by transcription service.

25

FORM CSR - LASER   REPORTERS PAPER & MFG. CO.   800-626-6313

1   APPEARANCES:   (Continued)

2   For the Defendants:            Alexander Halpern, Esq.
                                   William Stuart Stuller, Esq.
3                                  Caplan & Earnest
                                   2595 Canyon Blvd, #400
4                                  Boulder, Colorado  80302

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

3

1           P R O C E E D I N G S

2       (Whereupon, the following is a transcript of the ruling

3   of the Court, as requested.)

4       THE COURT:  Well, I'm going to rule on the motion.  I'm

5   glad that this is not on a motion to dismiss, but on a motion

6   for preliminary injunction, because the issues raised are not

7   free from difficulty.  But it is important, of course, that

8   there be a decision early for two reasons.  One, obviously

9   the graduation ceremony is not many days from now, and the

10  other is that there's another forum in which as a result of

11  my partial remand, the parties may wish to go soon.  So we

12  ought to know what this Court's position is now.

13          And, of course, we're all aware, and plaintiffs

14  have cited the criteria applicable to a motion for a

15  preliminary injunction beginning with the plaintiffs/movants

16  suffering irreparable injury unless the relief is granted,

17  and I don't doubt, and of course have observed in the past

18  that a deprivation of rights protected under the First

19  Amendment and Fourteenth Amendment are of course not subject

20  of value in monetary damages readily, and we're talking about

21  an opportunity here that is time critical, and if lost, can

22  be considered irreparable injury.  So we don't have any doubt

23  about that point.

24          The second and third issues, the injury to the

25  movants outweighing the damage to the opposing party, in this

4

1  case the school district, and also where the public interest
2  lies, that of course--both of those are really dependent upon
3  the question of law that is presented, and that is some
4  decision about the question of law preliminary has to be made
5  to determine whether there's a substantial likelihood that
6  the plaintiffs would ultimately prevail on the merits of
7  their First Amendment claim.

8       So I think that the issue that drives the decision
9  here is that question, is there a substantial likelihood that
10 the claim of limitation on authority of the school district
11 and the principal acting on behalf of the school district to
12 prevent the plaintiffs from wearing the kente cloth over
13 their gowns at the Arvada High School graduation contravenes
14 the restrictions of the First Amendment.

15      Now, we have in these discussions addressed a
16 number of questions which I have posed.  I think that the
17 Tinker case is not controlling.  What the holding of the
18 Tinker case amounts to, in my judgment, is that for the first
19 time, the Supreme Court of the United States recognized that
20 those who govern public schools are limited by the
21 restrictions of the Bill of Rights and the Constitution, at
22 least the First Amendment.

23      So stated one way, students have rights to freedom
24 of expression protected by the First Amendment, but I think
25 more accurately, those who govern the schools are limited by

5

1 | the prohibitions of the First Amendment.

2 |      The First Amendment, of course, in and of itself

3 | has no values other than freedom, and we cannot, under the

4 | First Amendment, rate speech according to the value of that

5 | speech, although the Court is given certain classifications

6 | where they have referred to core speech, political speech and

7 | commercial speech and treated them differently.

8 |      I'd be willing to recognize that this is core

9 | speech with full protection under the First Amendment,

10 | considering that the speech is to be a symbolic statement of

11 | pride in an African American heritage, and in the cultural

12 | and heritage diversity recognized by the public school, this

13 | particular public school, Arvada High School, in which the

14 | plaintiffs themselves take great pride in the school and in

15 | their individual accomplishments.

16 |      The problem here comes down to how to define the

17 | scope of the limitations on the authority of the principal

18 | and the district to limit the dress of people in the

19 | graduation ceremony, the commencement ceremony.  This is a

20 | time, place and manner case, and the question then is really

21 | whether the authority to control the commencement ceremonies

22 | by requiring that there be no--or there be no changes in the

23 | uniform of the day, I suppose we could say, the uniform of

24 | the occasion, the cap and gown and tassel prescribed, whether

25 | that is an appropriate time, place and manner restriction.

FORM CSR - LASER   REPORTERS PAPER & MFG. CO.   800-626-6313

6

1    I think it probably is, and my reasoning on it is
2 that in my colloquy with plaintiff's counsel, we seem unable
3 to say that there is a line here that can appropriately be
4 drawn by a court in enforcing the First Amendment as to what
5 kind of speech, or symbolic speech, would be permitted as
6 exceptions to the general prohibition to try to avoid
7 discordant and disruptive messages.

8    The Court, as I sit here now, and of course I don't
9 sit as the principal of Arvada High School, and I'm glad I
10 don't, but this isn't a question of policy.  This is a
11 question of wherein are the limitations of authority.  And it
12 seems to me that necessarily to grant the relief that the
13 plaintiffs request, making a value judgment about the quality
14 and content of the speech, quality in the sense that it's not
15 disruptive, that it's quiet and respectful and dignified, and
16 then what particularly is the message about, I am disturbed.
17 As I said in my questions to plaintiff's counsel, that
18 although the kente cloth is clearly identifiable publicly
19 with African culture and the African background of the
20 plaintiffs, it also is publicly identified with a race.  And,
21 of course, here is a very sensitive area.

22    One of the premises of the prohibition on the kente
23 cloth here is that the school district and this high school,
24 through this commencement exercise, wishes to make a public
25 statement about unity, and I guess, you know, the other side

7

1   is the plaintiffs want to make a statement about diversity.

2   But I believe that the unity purpose is a legitimate

3   governmental interest here in the limitations of this

4   ceremony.  This is not a matter of classrooms.  It's not a

5   matter of all of the other student activities.  It's a very

6   limited restriction, and the emphasis on unity is perhaps an

7   appropriate one, given the constitutional prohibitions

8   against separation of students and school populations by

9   race.

10          And certainly I don't think there would be any

11  constitutional violation--I don't want to be misunderstood

12  here--any constitutional violation in permitting this wearing

13  of the kente cloth.  I don't think that that constitutes

14  government separating people by race.  So that's not what I

15  mean.  But what I am saying is that I don't think that in

16  drawing the line between what speech is prohibited and what

17  speech is protected, the school district can use a racial

18  criterion, and I'm afraid that that's how this would be

19  interpreted.

20          We've already talked about, well, what about other

21  cultures and other obvious symbols, and I don't know that you

22  can draw lines like that under the United States

23  Constitution.  So there is--this is not a hecklers' veto

24  case, as I already said.  This is not a case where

25  anticipated negative reaction drives it.  What has been

8

1   presented here by the principal's letter and by counsel for

2   the defendant is simply a very difficult issue that I've

3   wrestled with myself, and that is where do you draw the line.

4   What do you permit and what do you prohibit.

5           So the general prohibition that is involved here is

6   not directed in any way that could constitute some kind of

7   invidious action.  It is a general prohibition for a limited

8   time and for a limited purpose and is, in my judgment,

9   probably within the authority of the school district to do.

10          So I'm denying the motion for a preliminary

11  injunction, and I'll enter the order of partial remand

12  immediately so that whatever is going to be done in Jefferson

13  County, you can get underway with it.

14          All right, Court's in recess.

15      (10:20 a.m. - Whereupon, the proceedings were

16  concluded.)

17

18          I certify that the foregoing is a correct

19  transcript from the record of proceedings in the above-

20  entitled matter.

21

22  May 19, 1998              Federal Reporting Service, Inc.

23                            17454 E. Asbury Place

24                            Aurora, Colorado  80013

25                            (303)   751-2777